IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mike H. Samadi, | ) | C/A No. 3:16-562-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Mike H. Samadi, a self-represented plaintiff, filed this action seeking tax refunds for various years pursuant to 26 U.S.C. § 7422. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on a motion to dismiss filed by Defendant United States of America. (ECF No. 23.) Samadi filed a response in opposition to the motion, (ECF No. 33), and the defendant filed a reply, (ECF No. 34). Having carefully considered the parties' submissions and the applicable law, the court concludes the defendant's motion should be granted in part and denied in part.

**BACKGROUND**

Samadi filed this action on February 24, 2016, alleging the Internal Revenue Service ("IRS") improperly denied or erroneously calculated his income tax refund for tax years 2002, 2003, 2004, and 2008. (ECF No. 1.) Samadi indicates he filed his 2002 and 2003 tax returns in 2005, and amended them in 2006, because of events outside of his control. (Id. at 5.) He claims the IRS informed him that his returns were untimely filed and did not issue him the refund he was owed for tax years 2002 and 2003. (Id. at 5-6.) Samadi also indicates he filed his 2004 tax return three times,

and while the IRS accepted and processed the return, the IRS issued only a partial refund without explanation.  (Id. at 6.)

Samadi further claims that his 2008 amended tax return was audited, but the auditor incorrectly calculated his income and failed to award him a credit for his wife's status as a first-time home buyer.  (Id. at 7.)   He claims he appealed the auditor's report and the appeal officer told him that he would be issued a small refund, but he never received the refund.  (Id.)  Samadi claims that in addition to the IRS's miscalculation of his income and refusal to grant a credit for being a first-time home buyer, the IRS also did not allow him to take deductions for mortgage interest (from his Form 1098), state and local sales taxes paid on his vehicle, and business expenses, and further, erred in accounting for third-party deposits into his account and money borrowed from his credit card company in the form of cash advances and balance transfers.  (Id. at 8.)

The defendant moved to dismiss Samadi's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) & (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.[1]

## DISCUSSION

**A.     Applicable Law**

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded.  It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary

---

[1] The defendant notes that Samadi resides in Georgia and that he failed to indicate why venue is proper in this court, but states that it moves to dismiss the Complaint in this venue in the interest of judicial economy.  (ECF No. 23-1 at 2.)



judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Defendant's Motion to Dismiss**

    **1.     Lack of Subject Matter Jurisdiction**

The defendant argues the court lacks subject matter jurisdiction over Samadi's claims concerning his 2002, 2003, and 2004 tax refunds.[2] The court agrees.

Under the United States Code, a plaintiff seeking to institute a lawsuit for the recovery of a tax refund must first file a claim for a refund with the Secretary of the Treasury. See 26 U.S.C.

---

[2] The defendant also argues Samadi failed to state a claim for costs and fees pursuant to 26 U.S.C. § 7430 (allowing costs and fees to be awarded to the prevailing party in any administrative or court proceeding concerning tax refunds). The court finds this issue would be more appropriately addressed if the prevailing party seeks costs and fees in the event a judgment is rendered in this case. At this time, the issue is not before the court. Therefore, to the extent the defendant seeks to dismiss Samadi's claim for costs and fees at this time, the motion should be denied.



§ 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."); see also 26 C.F.R. § 301.6402-2 (describing the procedure for filing an administrative claim for a tax refund).  This requirement is jurisdictional.  See Beckwith Realty, Inc., 896 F.2d 860, 863 (4th Cir. 1990) ("Without an effective claim for refund, the district court did not have jurisdiction to hear the suit under 26 U.S.C. § 7422(a)."); see also Wachovia Bank, N.A. v. United States, 455 F.3d 1261, 1264 (11th Cir. 2006) ("If the requirements of § 7422(a) are not met, a court has no subject matter jurisdiction to hear the claim for refund.").  As to Samadi's 2004 tax refund claim, the Complaint indicates only that Samadi filed amended tax returns, and Samadi makes no allegation that he filed an administrative claim for the refund amount pursuant to § 7422(a) and § 301.6402-2.  Because the requirement to file an administrative claim is jurisdictional, Samadi failed to plead facts showing the court has jurisdiction over his 2004 tax refund claim.  See Fed. R. Civ. P. 8(a)(1).  Accordingly, this claim should be dismissed for lack of jurisdiction.

    The Code also requires the plaintiff to file suit within two years of the date the notice of disallowance was mailed to the plaintiff from the Secretary of the Treasury.  26 U.S.C. § 6532 ("No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the



Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates."). Generally, this timeliness requirement is also jurisdictional. See Miller v. United States, 117 F.3d 1414 (4th Cir. 1997) (Table) ("Except in limited circumstances not present here, compliance with the time provisions of § 6532(a) are jurisdictional.") (citing Webb v. United States, 66 F.3d 691 (4th Cir. 1995)); see also Becton v. Dickinson & Co. v. Wolckenhauer, 215 F.3d 340, 352-53 (3d Cir. 2000) (collecting cases).

As to the 2002 and 2003 tax refunds, Samadi failed to timely file this action pursuant to § 6532(a). In support of its motion to dismiss, the defendant provided copies of the notices of disallowance from the Secretary of the Treasury informing Samadi that the IRS would not allow his claim for tax refunds for 2002 and 2003.[3] (ECF No. 23-4.) The notices are dated May 22, 2008. Because Samadi failed to institute this action within two years of the date of the notices of disallowance as required by § 6352(a), this court lacks jurisdiction over his claim for a refund for tax years 2002 and 2003.

### 2. Failure to State a Claim

The defendant argues Samadi fails to state a claim upon which relief can be granted as to the 2008 tax refund claim because Samadi fails to identify a reason why the 2008 partial refund granted

---

[3] As discussed above, evidence beyond the pleadings may be considered when the defendant challenges the court's subject matter jurisdiction. See Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004) ("Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.").



to him was erroneous.⁴  Specifically, the defendant argues that while Samadi contests the IRS's decisions to deny certain deductions and credits and account for certain income, Samadi does not explain why the decisions are wrong.

The court finds that given the liberal construction afforded to *pro se* pleadings, Samadi's Complaint sufficiently presents a cognizable claim that the IRS erred in calculating his tax liability on his 2008 return.  Samadi identified the specific credits and deductions that he believes the IRS wrongfully denied, which puts the defendant on notice of the provisions of the tax code that Samadi believes were wrongfully applied to his tax return.  The purpose of pleadings is to put the opposing party on notice of the claims and grounds for relief the plaintiff seeks to prove.  See Erickson, 551 U.S. at 93.  Samadi has provided facts that raise a plausible claim for relief, and that is all that is required of him at this stage.  See Iqbal, 556 U.S. at 678.

---

⁴ The court observes that Samadi alleges he did not receive any tax refund from his 2008 tax return, even though the auditor told him that he would be issued a small refund. (ECF No. 1 at 7.) The defendant alleges a refund was issued to Samadi in an amount smaller than that claimed by Samadi on his return. (ECF No. 23-1 at 13.)



**RECOMMENDATION**

Samadi's claims for refunds for tax years 2002 and 2003 are untimely. As to tax year 2004, he has failed to plead facts establishing this court's jurisdiction over his tax refund claim. Accordingly, the defendant's motion to dismiss (ECF No. 23) should be granted as to the 2002, 2003, and 2004 tax refund claims. Because Samadi appears to have pled facts asserting a plausible claim for a refund for tax year 2008, the defendant's motion should be denied as to the 2008 tax refund claim.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 28, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).