IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Mike H. Samadi, | ) | C/A No. 3:16-562-MBS-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **SUPPLEMENTAL REPORT AND** |
| | ) | **RECOMMENDATION** |
| United States, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Mike H. Samadi, a self-represented plaintiff, filed this action seeking tax refunds for various years pursuant to 26 U.S.C. § 7422. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). On November 28, 2016, the court issued a Report and Recommendation recommending that the defendant's motion to dismiss be granted in part and denied in part. (ECF No. 28.) In reply to the Report and Recommendation the defendant asked the court to clarify the following statement: "As to Samadi's 2004 tax refund claim, the Complaint indicates only that Samadi filed amended tax returns, and Samadi makes no allegation that he filed an administrative claim for the refund amount pursuant to § 7422(a) and § 301.6402-2." (Id. at 5.) The court makes the following clarification.

To the extent Samadi bases his 2004 tax refund claim on a third claim for a tax refund, Samadi failed to file a second amended tax return for that year, as demonstrated by the certified official record provided by the defendant in an attachment to its motion to dismiss.[1] (ECF No. 23-

---

[1] Evidence beyond the pleadings may be considered when the defendant challenges the court's subject matter jurisdiction. See Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004) ("Generally, when a defendant challenges subject matter jurisdiction via a Rule 12(b)(1) motion to dismiss, the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.").

5.) Accordingly, the court would not have subject matter jurisdiction over such a claim. See 26 U.S.C. § 7422(a); 26 C.F.R. § 301.6402-2.

To the extent Samadi alleges he received only partial payment for the refunds he sought for tax year 2004, he has failed to state a plausible claim upon which relief can be granted. See 28 U.S.C. § 1915; see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (providing the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Specifically, Samadi fails to provide any facts or bases that would support a plausible claim that his 2004 tax refund was incorrect.

With the above clarification, the court reiterates the recommendation issued on November 28, 2016. Specifically, Samadi's claims for refunds for tax years 2002 and 2003 are untimely. As to tax year 2004, he has failed to plead facts establishing this court's jurisdiction over his tax refund claim, and in the alternative has failed to plead sufficient facts to state a plausible claim for relief. Accordingly, the defendant's motion to dismiss (ECF No. 23) should be granted as to the 2002, 2003, and 2004 tax refund claims. Because Samadi appears to have pled facts asserting a plausible claim for a refund for tax year 2008, the defendant's motion should be denied as to the 2008 tax refund claim.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 22, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to the Supplemental Report and Recommendation**

The parties are advised that they may file specific written objections to this Supplemental Report and Recommendation with the District Judge, or they may stand on any previously filed objections, if they so elect. Any additional objections must specifically identify the portions of the Supplemental Report and Recommendation to which any objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

If the parties elect to file specific written objections, they must be filed within fourteen (14) days of the date of service of this Supplemental Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Supplemental Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).