IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Mike H. Samadi, ) | |
| ) | C/A No. 3:16-0562-MBS-PJG |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Mike H. Samadi, proceeding pro se and in forma pauperis, filed a complaint on February 24, 2016, alleging that Defendant United States of America miscalculated amounts due with respect to his income taxes. Plaintiff seeks tax refunds for the years 2002 and 2003; a partial refund for 2004; and a refund for 2008, as well as compensatory damages for his time and expenses attempting to communicate with Defendant. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

Defendant filed a motion to dismiss on August 16, 2016, asserting that the court lacks subject matter jurisdiction and that Plaintiff has failed to state a plausible claim for relief. By order filed August 17, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on October 17, 2016, to which Defendant filed a reply on October 27, 2016.

On November 28, 2016, the Magistrate Judge issued a Report and Recommendation in which

she observed that plaintiff must file suit within two years of the date the notice of disallowance is mailed to the plaintiff from the Secretary of the Treasury. See 26 U.S.C. § 6532. The Magistrate Judge further noted that a plaintiff seeking to institute a law suit for the recovery of a tax refund must first file a claim for a refund with the Secretary of the Treasury. See 26 U.S.C. § 7422(a). The Magistrate Judge determined that Plaintiff's claims regarding his 2002 and 2003 tax refunds are untimely. The Magistrate Judge further determined that Plaintiff failed to file an administrative claim as to his 2004 tax refund. For these reasons, the Magistrate Judge found that the court lacks subject matter jurisdiction over Plaintiff's claims concerning his 2002, 2003, and 2004 tax refunds.

As to Plaintiff's 2008 tax refund, the Magistrate Judge concluded that Plaintiff stated a plausible claim for relief. Accordingly, the Magistrate Judge recommended that Defendant's motion to dismiss be granted with respect to the 2002, 2003, and 2004 tax refunds, and that Defendant's motion to dismiss be denied with respect to the 2008 refund.

On December 8, 2016, Plaintiff objected to the Report and Recommendation regarding the 2002 and 2003 tax refunds. Plaintiff asserts that Defendant extended Plaintiff's time to bring an action when it provided him with disallowment letters dated August 26, 2014. According to Plaintiff, his complaint timely was filed within two years of the August 26, 2014 letter.

Defendant filed a reply in part to the Report and Recommendation on December 14, 2016. Defendant argued that Plaintiff and his former spouse filed two amended joint income tax returns for tax year 2004, each reporting a refund owed. Defendant stated that it acknowledged the returns constituted an administrative claim for refund, and that full refunds were issued. Defendant contended that, consequently, Plaintiff's claim for a 2004 tax refund should be denied as moot. Defendant requested the Magistrate Judge to clarify the rationale for her ruling with regard to the

2004 tax refund.

On December 22, 2016, Defendant filed a response in opposition to Plaintiff's objection regarding his 2002 and 2003 tax refunds. Defendant notes, among other things, that Plaintiff was sent two notices of disallowance regarding the claims for refund for tax years 2002 and 2003, the first of these dated May 22, 2008. Defendant asserts that the second notices did not extend the two-year period for filing a refund action before the federal court. See 26 U.S.C. § 6532(a)(4). Defendant therefore asserts that the Magistrate Judge did not err in determining that Plaintiff's claims for his 2002 and 2003 taxes are untimely.

Also on December 22, 2016, the Magistrate Judge issued a Supplemental Report and Recommendation in which she made the following clarification:

> To the extent [Plaintiff] bases his 2004 tax refund claim on a third claim for a tax refund, [Plaintiff] failed to file a second amended tax return for that year, as demonstrated by the certified official record provided by the defendant in an attachment to its motion to dismiss. Accordingly, the court would not have subject matter jurisdiction over such a claim.
>
> To the extent [Plaintiff] alleges he received only partial payment for the refunds he sought for tax year 2004, he has failed to state a plausible claim upon which relief can be granted. Specifically, [Plaintiff] fails to provide any facts or bases that would support a plausible claim that his 2004 tax refund was incorrect.

ECF No. 45, 1-2 (internal citations omitted).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with

instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

As an initial matter, the court notes that Plaintiff did not object to the Magistrate Judge's recommendation regarding his 2004 tax refund, and that no party objected to the Magistrate Judge's clarification as set forth in the Supplemental Report and Recommendation. Further, neither party objected to the Magistrate Judge's recommendation regarding the 2008 tax refund. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court discerns no clear error regarding Plaintiff's 2004 and 2008 tax refunds.

As to Plaintiff's objection regarding his 2002 and 2003 tax refund, 26 U.S.C. § 6532(a)(4) provides:

> (4) Reconsideration after mailing of notice.--Any consideration, reconsideration, or action by the Secretary with respect to such claim following the mailing of a notice by certified mail or registered mail of disallowance shall not operate to extend the period within which suit may be begun.

In this case, Plaintiff first was sent disallowance letters regarding his 2002 and 2003 tax refunds on May 22, 2008. See ECF No. 23-4, 1-8. The letters specifically informed Plaintiff:

> If you do not agree with our decision, you may file suit to recover tax, penalties, or other amounts, with the United States District Court having jurisdiction or with the United States Claims Court. These courts are part of the judiciary branch of the federal government and have no connection with the Internal Revenue Service.
>
> The law permits you to do this within 2 years from the date of this letter. If you decide to appeal our decision first, the 2-year period still begins from the date of this letter. . . .

Id. at 3-4, 7-8.

4

Contrary to Plaintiff's assertion, the second disallowance letters issued on August 26, 2014, did not extend the time for filing a cause of action with the federal court. Plaintiff's objection is without merit.

The court adopts the Report and Recommendation, as supplemented and clarified, and incorporates both filings herein by reference. Defendant's motion to dismiss is **granted** as to Plaintiff's claims regarding his 2002, 2003, and 2004 tax refunds. Defendant's motion to dismiss is **denied** as to Plaintiff's claims regarding his 2008 tax refund. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

January 18, 2017