IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Mike H. Samadi and Helen Samadi, a/k/a Helen Samadi Diamond, | ) ) C/A No. 3:16-0562-MBS-PJG |
| Plaintiffs, | ) ) ) |
| vs. | ) **ORDER AND OPINION** |
| United States of America, | ) ) ) |
| Defendant. | ) ) ) |

On February 24, 2016, Plaintiff Mike H. Samadi ("Mike Samadi"), proceeding pro se and in forma pauperis, filed a complaint challenging decisions made and allegedly incorrect tax refunds issued by the Internal Revenue Service in 2002, 2003, 2004, and 2008. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On August 16, 2016, Defendant United States of America filed a motion to dismiss for lack of jurisdiction. The Magistrate Judge issued a Report and Recommendation on November 28, 2016, in which she recommended that Defendant's motion to dismiss be granted as to Mike Samadi's 2002, 2003, and 2004 tax refund claims, and that Defendant's motion to dismiss be denied as to Mike Samadi's 2008 tax refund claim. On January 19, 2017, the court adopted the Report and Recommendation and recommitted the matter to the Magistrate Judge for further pretrial handling.

This matter now is before the court on Defendant's second motion to dismiss, which motion was filed on June 16, 2017. Defendant contends that Mike Samadi lacks standing to seek relief as to the 2008 tax refund claim because his former wife, Helen Samadi, paid the 2008 taxes in full. On June 19, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Mike Samadi was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Mike Samadi filed a response in opposition on July 18, 2017, to which Defendant filed a reply on July 25,

2017. Mike Samadi filed a surreply on August 3, 2017. Also on August 3, 2017, Mike Samadi filed a motion for leave to add Helen Samadi as a party. On August 3, 2017, Helen Samadi filed a motion to intervene, to which Defendant filed a response in opposition on August 17, 2017.

On October 2, 2017, the Magistrate Judge issued a Report and Recommendation in which she determined that Mike Samadi lacks standing to pursue the 2008 tax refund claim, and, as such, the court lacks subject matter jurisdiction over his claim. The Magistrate Judge recommended that Defendant's motion to dismiss be granted as to Mike Samadi. The Magistrate Judge granted Helen Samadi's motion to intervene and noted that, in light of her ruling, Mike Samadi's motion to add a party was moot. On October 26, 2017, the Samadis filed joint objections to the Report and Recommendation. Defendant filed a reply to the objections on November 9, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id.

The Samadis object to the dismissal of Mike Samadi as a party to the within action. Mike Samadi states that he has no objection to any proceeds of the litigation accruing to the benefit of Helen Samadi, but that he wishes to act as a "trustee or manager to make certain that the money being returned/refunded/settled in this matter is spent correctly[.]" ECF No. 86, 1. The Samadis also state that Mike Samadi is most knowledgeable about the 2008 tax refund claim, and that Helen Samadi "would not be able to understand the records, analyze or defend the mater [*sic*] or present the proper evidence relating to the 2008 tax dispute." Id. at 2.

As the Magistrate Judge properly noted, a plaintiff must have a "'sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate.'" ECF No. 79, 5 (quoting Emery v. Roanoke City Sch. Bd., 432 F.3d 294, 298 (4th Cir. 2005)). In this case, only Helen Samadi has standing to recover any refund of the Samadis' 2008 tax payment because she alone paid the tax liability that year. The Samadis' objection is without merit.

While Helen Samadi has the right to represent herself or to hire counsel, Mike Samadi is cautioned that, as a nonlawyer, he is not permitted to represent Helen Samadi in court. See, e.g., Brown v. Ortho Diagnostic Sys., Inc., 868 F. Supp. 168, 172-73 (E.D. Va. 1994) ("The near uniform proscription on non-lawyers representing others in court is soundly based on two separate, but complementary policy considerations. First, there is a strong and compelling state interest in regulating the practice of law. . . . The second reason . . . concerns the importance of what is at stake for the litigant, and the final nature of the adjudication of the rights in question.").

The court adopts the Report and Recommendation and incorporates it herein by reference. Defendant's motion to dismiss is **granted** as to Mike Samadi. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
January 30, 2018